Gaston, Judge,
after stating the case as above, proceeded: We decidedly concur in the opinion expressed by the Judge below. Whatever construction may be put upon that part of . the condition which stipulates that Munroe shall render an account to the Court, and deliver up the estate of his wards when they shall arrive at age, upon which we neither express nor intimate an opinion, it seems to us clear that the part of the condition which binds him to render such account and deliver up such estate sooner — that is to say, before the wards shall arrive at age — is distinctly qualified by the provision, if he “ be sooner thereunto required.” It is a reasonable qualification. The guardian knows when his office is to expire, and possibly it may be deemed his duty upon its expiration to be *196 ready to reader an account of his stewardship and to settle with his late ward. But he may be taken by surprise altogether — if death, removal, or other casualty should put an abrupt termination to his office — and he is instantly deemed in for not having- rendered an account, or delivered up the property. He knows that the person who had been his ward is entitled on coming of age to receive the property which had been committed to his custody, but he may be wholly ignorant authorily set up by any other person to receive it at an earlier day. But whether the qualification be reasonable or not, the defendants are sued upon their bond, and the cannot be held forfeited until the terms of the condition ^13 violated- There is no analogy, we think, between the present case and those cited in argument by the counsel for the plaintiffs. It is true that there are instances in which up-a s™Ple demand °f money due from the defendant to the plaintiff, although the contract in form is to pay the same on demand, an action may nevertheless be brought without the special averment of a demand, and sustained without proof demand- These are cases in which it was seen, or thought to be seen, that the money was due before any demand, and oftherefore the request or demand was not regarded as one of the terms of the contract. The contract was viewed as a mere t0 pay au acknowledged precedent debt — and the action brought to recover that precedent debt. In regard to these cases, however, it may be observed, that had a request Ue©iu held a necessary pre-requisite to suit, many vexatious might perhaps have been prevented. 1 Chit. Plead. 362. But the engagement here sought to be enforced is an original specific undertaking by parties bound by no previous oUligritiGri and owing no duty to the plaintiffs other and further than the dpty which this engagement creates; and on no principle of law or reason can they be held liable upon this engagement beyond the extent to which they have thereby bound themselves. They have assented to incur the for-set forth in the bond, if Munroe shall refuse to comply with- a certain requisition; and the forfeiture is not incurred, and cannot therefore be rightfully demanded, before a refusal *197 to comply with such requisition, or there be such conduct on his part, tantamount to a refusal, as to render a requisition unnecessary or impracticable. The judgment is affirmed . f ° With COStS.
There are some in-^hioh* úp-Tom ytheUe defendant to aUhoughÜff’ /on» * to pay the mand, an neverthe”ay brought ■without the verment an (^sustain-demand — oases! inaie wis^een* or the money fore any de-thereforend the demand garded as tems of the contraet. cessárySne" ■where the engagement sought t0 enforced is an original specific un-by''par'ufs bound by no previous obligaron and owing ho duty to the plaintiffs other and further than the duty which this engagement creates.
Per Curiam. Judgment affirmed. -